Henselder v. Town of Castleton, No. 556-7-08 Rdcv (Cohen, J., Feb. 12, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**RUTLAND COUNTY**

|  |  |  |
|---|---|---|
| | ) | |
| **ROBERT C. HENSELDER and** | ) | **Rutland Superior Court** |
| **CHERIE P. HENSELDER,** | ) | **Docket No. 556-7-08 Rdcv** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TOWN OF CASTLETON,** | ) | |
| | ) | |
| **Defendant** | ) | |

**DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,**
**FILED JUNE 29, 2009**

Robert and Cherie Henselder brought this action alleging that the Town of

Castleton's reassignment of their dock space at Lake Bomoseen violated their property

rights. The Town of Castleton moves for summary judgment, arguing that the Henselders

did not possess their original dock space by a deeded property right, but rather a

revocable license. The plaintiffs Robert and Cherie Henselder are represented by

Christopher H. Howe, Esq. The defendant Town of Castleton is represented by John S.

Liccardi, Esq.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate where there is no genuine issue of material fact

and the party is entitled to judgment as a matter of law. V.R.C.P. 56(c)(3). In response to

an appropriate motion, judgment must be rendered "if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, ... show that

there is no genuine issue as to any material fact and that any party is entitled to judgment

as a matter of law." V.R.C.P. 56(c)(3). In determining whether a genuine issue of

material fact exists, the court accepts as true allegations made in opposition to the motion for summary judgment, provided they are supported by evidentiary material. *Robertson v. Mylan Labs*, *Inc.,* 2004 VT 15, ¶ 15, 176 Vt. 356. The nonmoving party then receives the benefit of all reasonable doubts and inferences arising from those facts. *Woolaver v. State*, 2003 VT 71, ¶ 2, 175 Vt. 397. Furthermore, where, as here, "the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by showing the court that there is an absence of evidence in the record to support the nonmoving party's case. The burden then shifts to the nonmoving party to persuade the court that there is a triable issue of fact." *Ross v. Times Mirror, Inc.,* 164 Vt. 13, 18 (1995) (internal citations omitted).

## BACKGROUND

Robert and Cherie Henselder own property in the "Crystal Haven" development in Castleton, Vermont, near Lake Bomoseen. They are successors in interest to the same land and premises originally conveyed by the Castleton Development Commission to Martin and Margaret Johnson in 1963. The property changed owners multiple times, until the Henselders purchased the property from Kenneth and Carolann Hill in August 2005. The deed from the Hills to the Henselders contained the following clauses:

> Reference is further made to a [sic] Agreement for Dock Space between the Town of Castleton and Rita Heald dated November 5, 1986, wherein said documents set forth, "When lot is resold, the dock space automatically goes to the new owner." The dock space assigned number is 567-568. (The dock is not to exceed 4 ft. x 12 ft.)

> The right to dock space and any dock existing on the space at the date of this closing is conveyed to the grantee herein by this instrument.

2

These clauses did not appear in the original conveyance from the Castleton Development Commission to the Johnsons in 1963. At no time after that original conveyance did the Commission or the Town of Castleton (as successor in interest to the Commission) convey to any of the Henselder's predecessors in title any further property interest in the premises or in the surrounding Crystal Haven Development, whether by deed, easement or any instrument. The only instrument from the Town of Castleton pertaining to dock space is a document entitled "Agreement for Dock Space."

The Henselders signed an "Agreement for Dock Space" with the Town of Castleton on July 7, 2006. The agreement sets forth that the Henselders are the owners of a certain lot and that lot owner "hereby wishes permission to erect a dock on the shore of Lake Bomoseen within the Crystal Haven area. Dock Space # 567-568." The agreement states:

> The Town hereby permits and licenses the Lot Owner to erect and maintain a dock on the shore of Lake Bomoseen with in the Crystal Haven area at a location and of a size to be designated in writing by the Town and to go to and from such dock over such land, road or path, as is likewise designated by the Town.

The agreements further states: "This license is not transferable and the Town may by notice in writing cancel this license upon one month's notice in which event this license shall expire and terminate on the first day of the following January." The bottom of the document states, "Dock not to exceed 4 FT. BY 12 FT." And, "When lot is resold, the dock space automatically goes to the new owner."

In November 2007, The Town of Castleton sent a letter to the Henselders informing them that the Town would be reassigning existing dock spaces. The Henselders were switched from old dock space number 567-568 to new space number 55.

The Henselders brought this action in July 2008. They allege that the Town of Castleton deprived them of their ownership interest in the dock space (whether it was a deeded right, easement, assignment, or license) without due process of law or just compensation. The Henselders request that the Court order the Town of Castleton to return the original dock space to their exclusive possession. They also request that the dock space originally assigned to their house lot be merged be forever merged together with that lot.

In its Motion for Summary Judgment, Town of Castleton argues that the dock space is not deeded property. Rather, the Town gave the Henselders a license to use the dock space in the form of the "Agreement for Dock Space." By the terms of the agreement, the license was revocable. In response, the Henselders argue that if there was not an assignment of the property, then the "Agreement for Dock Space" created an irrevocable license.

## DISCUSSION

"Conveyance of land or an estate or interest therein may be made by deed executed by a person having authority to convey the same . . . and acknowledged and recorded as provided in this chapter." 27 V.S.A. § 301. Deeds or other conveyances of lands, or of an estate or interest therein, must be signed by the party granting the same and acknowledged by the grantor before a town clerk, notary public, master, county clerk, judge, or register of probate and recorded at length in the clerk's office of the town in which such lands lie. 27 V.S.A. § 341.

Here, it is undisputed that neither the Castleton Development Commission nor the Town of Castleton ever conveyed a property interest in the dock space to any of the

Henselder's predecessors in title, whether by deed, easement or any instrument. The only document which pertains to the dock space is the "Agreement for Dock Space," a previous version of which was signed by a predecessor in title to the Henselders, and subsequently by the Henselders themselves in July 2006.

"A license in real property is an authority or permission to do a particular act or series of acts upon the land of another." *Robert's River Rides, Inc. v. Steamboat Development Corporation*, 520 N.W.2d 294, 300 (Iowa 1994), abrogated on other grounds by *Barreca v. Nickolas*, 683 N.W.2d 111, 119 (Iowa 2004). It involves the exclusive occupation of the property, but only so far as is necessary to do the act, and no further. *Robert's River Rides*, 520 N.W.2d at 300. Thus, a license is merely a privilege to use land in the possession of another; it is generally personal, revocable, and unassignable. *Id*. at 301.

"In determining whether an agreement constitutes a license or an easement, the title of the instrument is not controlling. Rather, the character of the interest created depends upon the intent of the parties as interpreted from the language used and to the extent the rules of evidence permit from the surrounding circumstances, viewed in light of the applicable law." *Rowan v. Riley*, 72 P.3d 889, 896-97 (Idaho 2003).

Here, the "Agreement for Dock Space" clearly set forth that the license to erect and maintain a dock was not assignable and that the Town could revoke it at any time. See *Rowan*, 72 P.3d at 897 (holding agreement with railroad was license where under terms of agreement railroad could revoke licensee's privileged without consequences). "Therefore, the licensee's rights in the property do not rise to the level of a property right, but instead constitute a revocable privilege to use the property for a specific purpose." *Id*.

Furthermore, the agreement specifically refers to the privilege as a *license*. See *Rowan*, 72 P.3d at 897 (stating "[i]n addition, the agreement itself recites that it is a license.").

While the right to revoke a license may be denied where the license is coupled with a grant or interest, this case does not fall within that category. Plaintiffs' argument relies on the reasoning of *Coumas v. Transcontinental Garage, Inc.*, 230 P.2d 748 (Wyo. 1951). *Coumas* was a case involving rights in a wall standing between two lots. *Id*. at 749. The Court stated "a privilege to do certain acts of a temporary character on the land of another is and always remains a mere license which is revocable at the will of a licensor unless a definite time has been specified, or unless it is coupled with an interest." *Id*. at 758. The Court further stated "licenses coupled with an interest are incidental to an interest in a chattel." *Id*. The Court held that such a case was not before it. *Id*. Likewise, such a case is not before this Court.

Plaintiffs also argue that the payment of valuable consideration for the license may prevent its revocation, citing 25 Am.Jur.2d *Easements and Licenses* § 122. The Court notes that the case which American Jurisprudence relies upon specifically held that the grant in question was an easement, not a license. See *Paul v. Blakely*, 51 N.W.2d 405, 408 (Iowa 1952) (stating "[s]ince we have indicated our holding that the grant in question here is an easement rather than a license, we shall consider questions of the assignability or revocation of licenses no farther, except to say that the trend of modern judicial thought is definitely toward the holding that there is often little if any difference in effect between an easement and a written license given for a consideration."). Notwithstanding, it is undisputed that Plaintiffs never paid any consideration to the Town of Castleton for the license to erect and maintain the dock.

Next, Plaintiffs argue that a license also may become irrevocable where the licensee makes great expenditures and permanent improvements in justifiable reliance on the licensor. Plaintiffs also argue that the licensor may be required to compensate the licensee for his or her expenditures. However, Plaintiffs have presented no evidence as to expenditures or improvements. Thus, both arguments fail.

Finally, Plaintiffs argue that the revocation should fail because "in equity a license which has been acted on by the licensee may not be revoked, when the revocation would operate as a fraud on the licensee." See *Wheaton v. Cutler*, 84 Vt. 476, 484 (1911). Plaintiffs have not made any allegations, nor have they presented any evidence, to support a claim for fraud.

Accordingly, Defendant has satisfied its burden of production by showing the Court that there is an absence of evidence in the record to support Plaintiffs' case. *Ross v. Times Mirror, Inc.,* 164 Vt. 13, 18 (1995). In light of the Court's finding that the "Agreement for Dock Space" constituted a license, Plaintiffs have not persuaded the Court that there is a triable issue of fact. See *Id*. Defendant could revoke the license at anytime and did so by assigning Plaintiffs another dock space. There is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law. V.R.C.P. 56(c)(3).

## ORDER

Defendant's Motion for Summary Judgment, filed June 29, 2009, is GRANTED.

Dated at Rutland, Vermont this _____ day of _____, 2010.

_____
Hon. William Cohen
Superior Court Judge

7